UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06725-AYP Date: November 18, 2026

Title Lidia Tino-Avila v. Markwayne Mullin et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)**

On November 10, 2026, Lidia Tino-Avila (A#245-276-326) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement ("ICE") Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1). Petitioner seeks immediate release, asserting that her sudden re-detention on November 5, 2026—absent notice or any opportunity to be heard as to whether she poses a flight risk or a danger to the community—violates Fifth Amendment Due Process.

On November 10, 2026, Petitioner consented to proceed before the Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 4.) On November 10, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 6.) To date, Respondents

have not filed an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Court ORDERS that the Petition be GRANTED, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re detention absent adequate pre deprivation notice and an individualized hearing.

Petitioner is a native and citizen of Guatemala.[1] Petitioner contends that she came to the United States on or about September 25, 2023, through the Mexican border seeking asylum. (Pet. at ¶ 12.) Petitioner represents that she was detained for approximately two weeks following her entry in 2023. (Pet. at ¶ 13.) Petitioner asserts that she was subsequently paroled into the United States and has a pending application for asylum before the Board of Immigration Appeals. (Pet. at ¶ 14.) Petitioner represents that she has been granted employment authorization until January 23, 2030, and that she has complied with all ICE reporting requirements. (Pet. at ¶¶ 13-14.)

Petitioner asserts that she was suddenly detained by immigration authorities on November 5, 2026, at her reporting appointment. (Pet. at ¶ 16.) Petitioner contends that she did not receive notice that she would be detained or any opportunity to be heard as to whether her detention is warranted. (Pet. at ¶¶ 3, 17.)

[1]Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of ICE's Online Detainee Locator Database which states that Petitioner's country of birth is Guatemala. *United States v. Vlha*, 142 F.4th 1194, 1200 n.2 (9th Cir.) ("Reports of government agencies are subject to judicial notice."), cert. denied, 146 S. Ct. 625 (2025); *Jupiter v. McAleenan*, 2020 WL 4919712, *2 n.1 (C.D. Cal. 2020) (taking judicial notice of ICE's Fiscal Year 2019 Enforcement and Removal Operations report).

Petitioner remains in custody at the Adelanto Detention Facility as of the filing of the Petition. (Pet. at ¶ 18.)

Petitioner has a protected due process interest in being released, as she has lived in this country for approximately three (3) years and was released by ICE on parole. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, she has complied with the terms of her release, and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a

procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner is entitled to relief on her procedural due process claim, and immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Lidia Tino-Avila (A#245-276-326) from immigration custody immediately.

**Respondents** shall return to Petitioner any of Petitioner's personal belongings that were seized from her, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to her current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06725-AYP Date: November 18, 2026

Title Lidia Tino-Avila v. Markwayne Mullin et al

:

**Initials of Preparer**